FILED
2009 Jul-20  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **SHAMAL L. SUTHAR,** ) | |
| **PLAINTIFF,** ) | |
| VS. ) | 2:09-cv-1005-JHH |
| **EASTMAN KODAK COMPANY;** ) **and GLOBAL BENEFITS** **ORGANIZATION EASTMAN** ) **KODAK COMPANY,** ) | |
| **DEFENDANTS.** | |

## MEMORANDUM OPINION

The court has before it Defendants' Motion to Dismiss (Doc. #4) or, in the Alternative, to Transfer Venue filed June 15, 2009. Having been fully briefed by the parties (docs. #4, 10, 11), the motion is now under submission pursuant to this court's order (doc. #7) of June 16, 2009.

**I.   Introduction**

On May 21, 2009, Plaintiff Shamal L. Suthar filed a Complaint in this court seeking equitable estoppel/declaratory relief (Count One) and alleging violation of the Employee Retirement Income Security Act ("ERISA") under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Count Two).  In lieu of an Answer, defendants Eastman Kodak Company, Global Benefits Organizations Eastman Kodak Company

(hereinafter collectively referred to as "Kodak") timely filed the pending Motion to Dismiss (Doc. #4) or, in the Alternative, to Transfer Venue, alleging that pursuant to FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a),[1] the Complaint should be dismissed or transferred.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) provides for the defense of improper venue by motion.  See FED. R. CIV. P. 12(b)(3).  In addition,

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The Eleventh Circuit has held that motions to dismiss on the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Federal Rule of Civil Procedure 12(b)(3) as motions to dismiss for improper venue. See Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1988).

When a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue is based on a forum selection clause, the plaintiff has the burden of showing that venue is proper.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S.

---

[1] Defendants' Memorandum of Law (doc. #4, Exh. 6) in Support of Motion to Dismiss or, in the Alternative, to Transfer Venue seems to change course and argues that change of venue is appropriate under 28 U.S.C. § 1404(a).  (See Doc. #4, Exh. 6 at 7-8; see also Doc. #11 at 7).

1, 18 (1972); see also 2215 Fifth St. Assocs. v. U Haul Int'l. Inc., 148 F. Supp.2d 50, 54 (D. D.C. 2001).  The court must resolve factual conflicts in the parties' submissions in favor of the plaintiff, and may look to facts outside the complaint to determine whether venue is proper.  See Lobo v. Celebrity Cruises, Inc., 426 F. Supp.2d 1296, 1304 (S.D. Fla. 2006).  Where there is no evidentiary hearing, courts allow a plaintiff to carry the burden by establishing facts, taken as true, that establish venue.  See Kozial v. Bombardier-Rotax GmbH, 129 Fed. Appx. 543 (11th Cir. Fla. 2005) and Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).  All undisputed facts in the complaint are accepted as true and where facts are contested the court is to draw all reasonable inferences in favor of the plaintiff.  See id.

### III.   RELEVANT FACTS

Plaintiff Shamal Suthar was an employee of Kodak from 1966 until 1991. (See Compl. ¶ 5; see also Doc. #10 at 1-2, ¶ 1).  In 1991, Kodak offered certain employees a Golden Parachute retirement package; employees who accepted that package would be eligible to receive a lump sum payment and would also receive covered health insurance for the employee and his or her spouse for their lifetime.  (See Compl. ¶ 5; see also Doc. #10 at 1-2, ¶ 1). Employees only had a certain amount of time to accept the Golden Parachute plan, and those who did not were subject to a different retirement plan.  (See Compl. ¶ 5; see also Doc. #10 at 1-2, ¶ 1).

In 1992, Suthar voluntarily retired from Kodak.  (See Doc. #4, Exh. 6 at 1). "For a significant number of years, Kodak treated Suthar as being retired under the Golden Parachute retirement plan and paid Suthar benefits in accordance with the terms of the Golden Parachute plan."  (See Compl. ¶ 8; see also Doc. #10 at 3, ¶ 2). Suthar's main contention in this action is that he retired pursuant to the terms of a special retirement plan under which his healthcare benefits could not be changed, yet those benefits have now been changed.  (See Doc. #10 at 3, ¶ 3).

Kodak admits that Suthar retired under the Resource Redeployment and Retirement ("RRR") program which offered eligible employees enhanced pension benefits as set out in an appendix to the plan document for the Kodak Retirement Income Plan ("KRIP").  (See Doc. #4, Exh. 6 at 1).  Kodak further states that RRR did not provide medical or other welfare benefits, but employees who retired under RRR and were otherwise eligible for retiree medical benefits under Kodak's medical plans in effect at that time, the Kodak Basic Health Care Plan ("KBHCP") and the Kodak Extended Health Care Plan ("KEHCP"), received benefits subject to the terms of those plans.  (See Doc. #4, Exh. 6 at 1-2).  For the past "few" years, however, Suthar's medical benefits have been provided under the Kodak Medical Assistance Plan ("KMAP"). (See Doc. #4, Exh. 6 at 2).  Suthar does not dispute that distinction, instead noting that the terms of his benefits were changed  and questioning the

4

permissibility of such a change. (See Doc. #10 at 3, ¶¶ 2, 4; see also Compl. ¶¶ 3, 8, 9). The merits of the claims and defenses are not relevant to the pending motion.

**IV.     DISCUSSION**

Having set out the procedural framework and relevant facts, the court must now determine whether the forum-selection clause at issue in this case passes muster. The starting point for the analysis, of course, is the presumption that the clause is valid and enforceable. See Lipcon, 148 F.3d at 1291. This presumption may be overcome by a "strong showing" that enforcement would be unjust, unfair, or unreasonable under the circumstances. See id. at 1295-96.

Under the KMAP, KBHCP, and KEHCP plans, the forum selection clauses are identical:

> **Forum.** For purposes of commencing an Action against any Plan Party, the Plan is deemed to be administered in Rochester, New York, any alleged breach is deemed to have occurred in Rochester, New York, and each Plan Party is deemed to reside in Rochester, New York. No Action may be commenced against any Plan Party other than in the Federal Court for the Western District of New York located in Rochester, New York. The Plan Administrator shall have the complete and exclusive discretion to waive this requirement with respect to any Plaintiff.

(See Obstarczyk Decl. ¶¶ 7, 8; see also Exhs. B, C, D to Obstarczyk Decl. at Section 11.6(d)). While the language is a little different for the KRIP plan, its effect is the same:

5

> For purposes of commencing an Action against any Plan Party, the Plan is deemed to be administered in Rochester, New York, any alleged breach is deemed to have occurred in Rochester, New York, and each Plan Party is deemed to reside in Rochester, New York. No Action may be commenced against any Plan Party other than in the Federal Court for the Western District of New York located in Rochester, New York. KRIPCO shall have the complete and exclusive discretion to waive this requirement with respect to any Plaintiff.

(See Obstarczyk Decl. ¶ 9; see also Exh. A to Obstarczyk Decl. at Section 13.03(e)(4).

These forum selection clauses are unambiguous and unequivocal, mandatorily directing participants to bring any claims against the relevant Plan in the Federal District Court in Monroe County, New York. The Eleventh Circuit has consistently enforced forum selection clauses, such as the ones set out above, in agreements under which a plaintiff claims benefits. See Arthrex v. Orthpgen Aktiengesellschaft, 250 Fed. Appx. 293 (11th Cir. 2007) (plaintiffs were equitably estopped from disavowing the forum selection clause contained in an agreement under which they were claiming benefits); see also Klotz v. Xerox Corp., 518 F. Supp.2d 430 (S.D. N.Y. 2007). Moreover, the Supreme Court has repeatedly recognized forum selection clauses as legitimate and has required deference in their enforcement. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991); see also M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) and Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) (affirming the Eleventh Circuit's decision that venue is a matter of federal procedure

and that a forum selection clause was enforceable generally as a matter of federal law). Thus, the "heavy" burden is on plaintiff to show that enforcement of the forum selection clause would be unjust, unfair, or unreasonable under the circumstances. See Lipcon, 148 F.3d at 1295-96; see also Bremen, 407 U.S. at 1.

Plaintiff has not met that burden, making only general assertions that the forum selection clause should not be enforced because it is punitive in nature and designed to intimidate claimants from enforcing their ERISA rights. (See Doc. #10 at 8-9). Although Plaintiff states that "the intended purpose of the provisions is to make it extremely difficult and potentially expensive for any Plan participant to vindicate his or her ERISA rights" his only "evidence" of that are responsive letters from Kodak to Plaintiff's counsel reminding counsel of the applicable law. (Doc. #10 at 8-9). Such letters do not amount to a "strong showing" of attempts "to intimidate Suthar from pursuing his rights under ERISA." (Doc. #10 at 4, ¶ 12). Therefore, the forum selection clause(s) are valid and enforceable, and will be enforced here.[2]

---

[2] The enforceability of the forum selection clause(s) is further supported by the factors supporting a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." Under ERISA, venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). In this case, plaintiff could have brought this action in the District Court for the Western District of New York, Rochester Division since that is where the Plan is administered, where the alleged breach occurred, and where defendants' principal place of business is located. And, as explained by the Eleventh Circuit, "the court should consider 'the convenience of the witnesses' and the 'interests of justice,' with a choice of forum clause 'a *significant* factor that figures *centrally* in the district court's calculus." P&S Business Mach. Inc. v. Canon, USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (emphasis in original). As a result, the Eleventh Circuit has held that, while other factors

V.     **CONCLUSION**

For the foregoing reasons, the Motion (doc. #4) to Dismiss or, in the Alternative, to Transfer Venue is due to be granted.  This case is due to be transferred to the United States District Court for the Western District of New York, Rochester Division.  A separate order will be entered.

**DONE** this the   20th      day of July, 2009.

*[signature: James H. Hancock]*

SENIOR UNITED STATES DISTRICT JUDGE

---

might conceivably militate against a transfer, "venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." Id.